# IN THE UNITED STATES DISTRICT COURT
# FOR THE TENTH CIRCUIT IN KANSAS

| | |
|---|---|
| **JEREMY ABER** )<br>619 NE 44th Terr. )<br>Kansas City, MO 64116 )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br> )<br>**BOHRN HOLDINGS, INC. D/B/A** )<br>**KB COMPLETE PLUMBING, HEATING,** )<br>**AND COOLING, INC.** )<br>5621 Foxridge Dr. )<br>Mission, KS 66202 )<br> )<br>Serve:  Registered Agent )<br>Karlton Bohrn )<br>6209 Richards Dr. )<br>Shawnee, KS 66216 )<br> )<br>**Defendant.** ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

**I. Preliminary Statement**

1. COMES NOW, Plaintiff, Jeremy Aber, by and through his attorneys of record of Baldwin & Vernon and brings this cause of action against Defendant Bohrn Holdings, Inc. d/b/a KB Complete Plumbing, Heating, and Cooling, Inc., hereinafter referred to as "Defendant Company." This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorneys' fees may be awarded pursuant to 42 USC §2000e-5(k) and Federal Rules of Civil Procedure 54, for Defendant's conduct and actions taken against Plaintiff.

**II. Jurisdiction**

1

2. This Court has original jurisdiction in this section pursuant to 28 U.S.C. 1331 and 1343, 29 U.S.C. section 621, 42 U.S.C. 12188, 42 U.S.C. 2000a-3(a), and 42 U.S.C. 2000a-6(a); 28 USC § 1343 (4), 42 USC § 2000e-5 (f).  A Right-to-sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on February 22, 2022. The Right To Sue Letter, including a copy of Plaintiff's original charge of discrimination filed with the EEOC, is attached hereto as exhibit 1 and is hereby incorporated as if fully set forth herein.

3. Jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC § 2201, § 2202, 42 USC § 1981a.

5. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), 42 USCA §12101 et. seq. Plaintiff is alleging claims of employment discrimination based on disability/perceived disability, sex, retaliation, hostile work environment and a retaliatory discharge in violation of the Kansas Worker's Compensation Act.

6. The ADAAA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability," 42 U.S.C. §12112(a), and requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability," *id* §12112(b)(5)(A).

7. Costs and attorneys' fees may be awarded pursuant to 42 USC § 2000e-5(k) and the Federal Rules of Civil Procedure 54 and are requested by Plaintiff.

8. The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $25,000.00; in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages.

9. Prior to filing this Complaint for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission to no avail and exhausted all required administrative procedures prior to filing this Complaint for Damages.

## III. Venue

10. This action properly lies United States Federal Court for the District of Kansas, pursuant to 42 USC § 2000e-5(f)(3) and 28 U.S.C. 1391(b)(1), because unlawful employment practices were committed in this judicial district.

11. Venue is proper in that Defendant is located within this District and the acts complained of took place within this District.

## IV. Parties

12. Plaintiff is a resident of the United States, residing at 619 NE 44th Terr. Kansas City, MO 64116.

13. Defendant KB Complete Plumbing, Heating and Cooling, Inc., hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Johnson County, at relevant times referred to herein, and specifically at 5621 Foxridge Dr. Mission, KS 66202. Defendant Company is an employer within the meaning of 42 USC § 2000e *et seq*.

## V. Facts Common to All Counts

14. Plaintiff, Jeremy Aber, is a male, who worked for KB Complete Plumbing, Heating and Cooling, Inc. ("Defendant Company") for two-years.

15. Several times while working for Defendant Company, Plaintiff was belittled, made fun of and told that he was at risk of losing his job over things he had not done.

16. The first incident involved Plaintiff's need to be shown how to use E-mail on the company tablets.

17. Plaintiff's Manager Joe Barton showed Plaintiff how to do this by sending an E-mail from Plaintiff's tablet to himself stating that Plaintiff was a "dumbass" for not being able to figure out how to send an email.

18. A month or so later, Plaintiff was having Joe help him with something, as they walked outside to Plaintiff's box truck, Joe asked Plaintiff, "are you fucking Sara or have you?"

19. Plaintiff replied, "No, I'm not, I don't shit where I eat because that causes problems that I don't need."

20. Joe then stated that Plaintiff should try, and that he could.

21. Plaintiff repeated his previous answer and then Joe dropped the subject.

22. A couple of months went by, Joe Barton and Rusty Dameron called Plaintiff into his office to tell him he was getting a pay raise, Joe asked again, "are you fucking Sara?", because if Plaintiff was, he would be fired on the spot.

23. Plaintiff gave him the same answer he had given him twice before.

24. At this point, Plaintiff was tired of being harassed so he went to the owner Karl Bohrn to let him know about everything Joe had said to him.

25. Karl Proceeded to tell Plaintiff not to worry about it and that it wasn't an issue.

26. Plaintiff took this to mean that he would put a stop to it.

27. A couple of months later, Plaintiff had to have hernia surgery because of an inguinal hernia he developed.

28. When Plaintiff came back to work, they assigned Plaintiff a helper so that he could train him while getting assistance with lifting heavy things like water heaters.

29. His name was Marcus Kell.

30. Marcus had fallen out of a work truck and had to have hip surgery, so when Joe told Plaintiff he would be training under him and to try to find reasons to terminate him it made Plaintiff super uncomfortable.

31. Plaintiff told Joe that he wouldn't do that because it wasn't his job.

32. A month or so into training Marcus, Plaintiff had a 75-gallon water heater to install, Marcus needed help getting it into the customers basement.

33. Joe showed up to assist him as Plaintiff was carrying some other tools and materials.

34. Joe walked up and said, "have you fucked Sara yet, it's no big deal."

35. At this point, Plaintiff was beyond annoyed, so Plaintiff complained to Lesa Garcia, who said that he would make sure everything would be taken care of.

36. Plaintiff was having issues with his hernia again, so he had to have another surgery.

37. The doctors had to repair the same hernia, but the Doctor also found a tumor, which was removed at the same time.

38. This made Plaintiff's recovery longer.

39. When Plaintiff was released by his doctor to go back to work, Plaintiff was given a restriction of not being able to lift over 100lbs. unassisted, which is well over the OSHA limit of 50 lbs.

40. Karl Bohrn and Chris K. (HR person) said Plaintiff could come back to work and that they would have another helper for him to train.

41. This was on Tuesday, November 17, 2020.

42. On the following Thursday, Karl called Plaintiff asking if that restriction was permanent, to which Plaintiff responded that it was.

43. He then told Plaintiff that he needed to ask his managers if they wanted him to return.

44. On or about November 20, 2020, at around 1PM, Plaintiff received a call from Karl who said that Plaintiff's managers told him to let Plaintiff go and that Plaintiff was a risk.

45. Rusty Dameron was on vacation so the manager that Karl had asked was Joe, who Plaintiff had complained about repeatedly.

46. Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant Company's conduct.

47. Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant Company conduct.

148. Defendant Company and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to his right to be free from such discrimination.

**VI. Causes of Action**

## COUNT I

## RETALIATORY DISCHARGE
## AGAINST DEFENDANT COMPANY

149. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

150. Defendant Company terminated Plaintiff in retaliation for Plaintiff's report of a workplace injury, seeking medical attention for a workplace injury and/or for filing a worker's compensation claim.

151. Defendant Company's action of terminating Plaintiff after suffering a workplace injury and after Plaintiff had to be seeking medical care and treatment and was still under the doctors care is in violation of public policy of the State of Kansas set forth in the Worker's Compensation Act and Kansas law.

152. For reasons of public policy, and employee-at-will may not be discharged for suffering a workplace injury and/or for filing a worker's compensation claim.

153. An employer may not terminate an employee in retaliation for filing a worker's compensation claim, or in anticipation of the employee filing a worker's compensation claim.

154. Allowing an employer to discharge an employee for being absent as a result of a work-related injury would allow an employer to indirectly fire an employee for a worker's compensation claim, a practice contrary to public policy of the State of Kansas.

155. Defendant Company is an entity which falls under Kansas Law and the Worker's Compensation Act.

156. The elements of a prima facia claim for retaliatory discharge for filing a worker's compensation claim are: (1) the Plaintiff files a claim for worker's compensation benefits or sustains an injury for which he or she might assert a future claim for such benefits; (2) the employer has knowledge of the Plaintiff's worker's compensation injury; (3) the employer terminates the Plaintiff's employment; and (4) a causal connection exists between the protected action or injury

7

and the termination.

157. At the time Plaintiff was terminated, he had sustained an injury for which he asserted a claim for worker's compensation benefits.

158. At the time Plaintiff was terminated, Defendant Company had knowledge of Plaintiff's injury.

159. On November 20, 2020, Plaintiff was terminated by Defendant Company.

160. Defendant Company terminated Plaintiff because he suffered a workplace injury.

161. Defendant Company terminated Plaintiff intending to discontinue his workers' compensation benefits.

162. Defendant Company retaliated against Plaintiff by terminating his employment because he had suffered an on-the-job injury.

163. Defendant Company's termination of Plaintiff would not have occurred but for his suffering an on-the-job injury and his seeking benefits under worker's compensation.

164. A causal connection existed between the protected activity of Plaintiff suffering an on-the-job injury, making a worker's compensation claim, and Defendant Company's termination of Plaintiff's employment.

165. The stated reason for terminating Plaintiff was false and pretextual.

166. Plaintiff has sustained damages as a direct and proximate cause of Defendant Company's behavior.

167. Defendant Company's pretext for terminating Plaintiff is false, malicious, and constitutes wanton conduct.

168. Upon information and belief, Defendant Company has engaged in a pattern or practice of discrimination and retaliation against employees that are similarly situated to Plaintiff,

and Defendant Company conduct towards Plaintiff was a part of this pattern or practice.

WHEREFORE Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count I of his Complaint, and for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, social security contributions, for an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for costs and for such other further relief as the Court may deem just and equitable.

## COUNT II

### DISABILITY DISCRIMINATION FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY

110. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

111. Plaintiff was diagnosed with a hernia and a tumor and is therefore considered a member of the protected category under the Americans with Disabilities Act As Amended.

112. Plaintiff was qualified and capable of performing the essential functions of the position and/or would have been if reasonable accommodations had been made for his handicap.

113. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff as compared to similarly situated individuals who were not disabled and, as such, Defendant Company's actions were unlawful employment practices in violation of Americans with Disabilities Act As Amended.

114. Plaintiff's disability was a motivating factor in their decision to treat him disparately as compared to similarly situated non-disabled employees.

115. Plaintiff reasonably requested an accommodation and Defendant Company failed to

accommodate Plaintiff and follow his work restrictions.

116. Defendant Company engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

117. As a direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

118. As a further direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer in the future.

119. Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in her favor and against Defendant Company on Count II of her Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

### COUNT III

### PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY

120. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

121. Defendant Company perceived Plaintiff as being disabled due his hernia injury, need for medical treatment, and for his request for accommodations.

122. By treating him disparately as compared to other similarly situated employees who had not experienced a medical malady in violation of the ADAAA.

123. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of perceiving the Plaintiff to have a disability and refusing to accommodate him, which constituted discrimination based on such disability.

124. Defendant Company's perception of Plaintiff as disabled was a motivating factor in the decision to terminate him.

125. Plaintiff suffered a tangible job detriment as a result of Defendant Company's discriminatory treatment.

126. Defendant Company knew or should have known of the discrimination based on the perceived disability, but failed to address the problem, and further failed to reasonably accommodate Plaintiff's disability.

127. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

128. Plaintiff's disability was a motivating factor in Defendant Company decision to treat him disparately as compared to other similarly situated employees and to refuse to accommodate, and ultimately terminating him.

129. As a direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

130. As a further direct and proximate result of Defendant Company's violation of the

ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future.

131.   Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT IV

## RETALITION, COERCION, AND/OR INTIMIDATION IN VIOLATION OF THE ADAAA
## AGAINST DEFENDANT COMPANY

132.   Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

133.   During the time Plaintiff was employed by Defendant Company, Plaintiff engaged in protected activity under the ADAAA, Plaintiff opposed acts and practices made unlawful by the ADAAA, including but not limited to, failing to accommodate Plaintiff's disability, withdrawing previous accommodations for Plaintiff, and/or subjecting Plaintiff to disparate treatment, harassment, discrimination, and/or termination on the basis of his disabilities, as set forth herein.

134.   Requesting a reasonable accommodation is a protected activity.

135.   Taking leave of absence for a workplace injury is a protected activity.

136. Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

137. During the time Plaintiff was employed by Defendant Company, he exercised and/or enjoyed rights granted and/or protected by the ADAAA, including, but not limited to, requesting and making use of reasonable accommodations for his disability, as set forth herein.

138. Defendant Company coerced and/or intimidated Plaintiff on account of his having exercised and/or enjoying rights granted and/or protected by the ADAAA.

139. Defendant Company interfered with Plaintiff on account of his having exercised and/or enjoyed rights granted and/or protected by the ADAAA.

140. Defendant Company by and through its managers and/or executives engaged in actions prohibited by the ADAAA.

141. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of Plaintiff's objections to what he believed was discriminatory treatment by the Defendant Company in refusing to accommodate him.

142. Plaintiff suffered a tangible job detriment as a result of Defendant Company's retaliatory treatment.

143. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

144. Plaintiff's engaging in a protected activity of complaining of what he believed to be a discriminatory action was a motivating factor in Defendant Company decision to treat him disparately as compared to other similarly situated employees and to refuse to accommodate him.

145. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

146. As a direct and proximate result of Defendant Company violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

147. As a further direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer in the future.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.,* in violation of the American with Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**VII. Prayer for Relief**

148. Wherefore, Plaintiff prays that this Court:
    a. declare the conduct engaged in by Defendant Company to be in violation of Plaintiff's rights;
    b. enjoin Defendant Company, and its managers/supervisors from engaging in such conduct;
    c. restore Plaintiff to him rightful position with Defendant Company or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;
    d. award Plaintiff equitable relief of back salary and fringe benefits up to the

   date of reinstatement and prejudgment interest for that entire period or front salary and benefits accrual;

e. award Plaintiff compensatory, punitive and liquidated damages against all Defendants;

f. award Plaintiff damages for emotional pain and suffering;

g. award Plaintiff his costs and attorneys' fees; and

h. grant such other relief as it may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

      Respectfully submitted,

     By: /s/ *Robin Koogler*
      Kevin Baldwin, KS Bar No. #18637
      Eric Vernon, KS Bar No. #21358
      Sylvia Hernandez, KS Bar No. #78914
      Robin Koogler, KS Bar No. #78915
      **BALDWIN & VERNON**
      108 S Pleasant St.
      Independence, MO 64050
      Tel: (816) 842-1102
      Fax (816) 842-1104
      Kevin@bvalaw.net
      Eric@bvalaw.net
      Sylvia@bvalaw.net
      Robin@bvalaw.net

      ATTORNEYS FOR PLAINTIFF